ANTONIO ROIG TORRELLAS, Plaintiff and Appellant, *v.* JUAN J. GALLARDO, TREASURER, Defendant and Appellee.

Nos. 4598–4599. Argued February 27, 1929.—Decided June 26, 1929.

 

*F. González Jr.* for the appellant. *James R. Beverley, Attorney General, J. A. López Acosta* and *R. Cordovés Arana, Assistants,* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On October 29, 1926, and March 1, 1927, Antonio Roig Torrellas, resident of Humacao, paid under protest the taxes imposed on him by virtue of the Acts on reorganization of the University and development of water power corresponding to the fiscal year 1926–1927 and brought these two actions for the refund of said taxes on the ground that the said acts were unconstitutional.

The defendant in both cases pleaded that the complaints did not state facts sufficient to determine a good cause of action and it was so held by the court. As the complaints were not amendable the court was asked to render judgment. Judgments were entered on March 26, 1928, and the plaintiff appealed to this Supreme Court. The appeals were prosecuted separately, but we shall consider them in a single opinion for the reason that the questions discussed in them are the same.

The Act reorganizing the University is opposed in the complaint as follows:

"7. . . . . that Act No. 50 of July 21, 1925, and Act No. 7 of July 14, 1926, are in conflict with sec. 34 of the Organic Act, known as the Jones Act, because . . . . they went beyond the matter included in the title, which referred only to reorganization of the University and imposes a special tax for the reorganization and support of it, and in the body of the act funds are provided for the support of the Insular Government, for the expenses thereof.

"8. . . . . that both Act No. 50 of July 21, 1925, and Act No. 7 of July 14, 1926, are in conflict with sec. 17 of the Organic Act in

so far as they restrict the powers of the Commissioner of Education, contained in said provisions.''

Let us consider the first ground of objection. The provision of the Organic Act invoked, that is, paragraph 8 of section 34 thereof, reads as follows:

''No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed.''

The title of the act alleged to be unconstitutional is as follows:

''An Act to reorganize the University of Porto Rico, to repeal 'The University Law' approved July 28, 1923, to levy a special tax for the said organization and the support thereof, and to create other sources of income for the same purpose, and for other purposes.''

The sections of the said act and of its amendment which in the appellant's opinion are in conflict with section 34 of the Organic Act are as follows:

''Section 12.—The Treasurer of Porto Rico is hereby authorized and directed to levy and collect a tax of twenty one-hundredths of one per cent, for the benefit of the University of Porto Rico . . . . . *Provided*, That whenever the proceeds of said tax exceed the sum of six hundred thousand (600,000) dollars, the Treasurer of Porto Rico is hereby directed to cover the excess into the general funds of the Treasury of Porto Rico to meet current expenses of the Insular Government; . . . . .''

''Section 12 (amended).—The Treasurer of Porto Rico is hereby authorized and directed to levy and collect annually a tax of twenty one-hundredths of one per cent, for the benefit of the University of Porto Rico, . . . . . . *Provided*, That whenever the proceeds of said tax exceed the sum of three hundred thousand (300,000) dollars during the fiscal year 1926–1927, and of six hundred thousand (600,000) dollars in subsequent years, the Treasurer of Porto Rico is hereby directed to cover the excess into the general funds of the Treasury of Porto Rico to meet current expenses of the Insular Government; . . . . .''

A careful examination of these statutory provisions leads us to the conclusion that the district court was right in holding that as the matters involved were germane, the constitutional clause invoked had not been infringed.

There is no doubt that the main purpose of the law was that expressed in its title, viz., to reorganize the University and provide the necessary means for its support. By section 12 disposition was made simply of any surplus so as to avoid any uncertainty about the use to be made of such surplus, if any, for a limit was set to the amount set apart for the University.

Perhaps the amendment introduced some doubts, taking into account the considerable reduction of the limit set for the University for the year 1926–1927; but even then we think that the jurisprudence is sufficiently broad to uphold the conclusion stated.

As argued by the appellee:

"The act says in its title 'to levy a special tax for the reorganization and support of the University' and with reference to that special tax, as a subordinate question to the main subject, the raising of funds, insertion is made in the act of the. *proviso which is the subject of this discussion.* The aforesaid provision is rather a 'minor subject' connected with or germane to the question of raising funds. It can not be held that there is a plurality of subjects in the act not expressed in its title.

" 'This embraces a single main subject and is fully sufficient to avoid the harmful confusion prohibited by the Organic Act. Carter County v. Sinton, 120 U. S. 517, 7 S. Ct. 650, 30 L. ed. 701; Jonesboro City v. Cairo & St. Louis R. Co., 110 U. S. 192, 4 S. Ct. 67, 28 L. Ed. 116; Louisiana v. Filsbury, 105 U. S. 278, 26 L. Ed. 1090; Benedicto, Treas., v. Porto Rican American Tobacco Co., (C. C. A.) 256 F. 422. 18 Fed. (2d) 918, 922.' "

See *People* v. *Arrocho,* 34 P.R.R. 809, in which the jurisprudence on the matter as summarized in Ruling Case Law is cited and applied, and *Trigo* v. *Banco Territorial y Agrícola,* 36 P.R.R. 245.

The second ground of objection raises a question of transcendent importance.

Section 11 of Act No. 50 of 1925 to reorganize the University reads:

"Section 11.—All tuition fees, laboratory fees, breakage fees and like charges paid by students, together with all proceeds from the sale of university lands, farm products, or other university property, are hereby appropriated for the University of Porto Rico, to be expended under the direction of its Board of Trustees together with any impost or tax which the Legislature of Porto Rico may decide upon for all purposes which, in their judgment, shall be beneficial to the interests of the University of Porto Rico, including the purchase of land and the construction of buildings, as well as current expenses."

It is alleged that this is at variance with section 17 of the Organic Act and therefore void. Said section 17 provides:

"That the Commissioner of Education shall superintend public instruction throughout Porto Rico; all proposed disbursements on account thereof must be approved by him, and all courses of study shall be prepared by him, subject to disapproval by the governor if he desires to act. He shall prepare rules governing the selection of teachers, and appointments of teachers by local school boards shall be subject to his approval, and he shall perform such other duties, not inconsistent with this Act, as may be prescribed by law."

The reason adduced by the district court for overruling the contention of the plaintiff is given in its statement of the case and opinion, as follows:

"It appears from an examination of the said act (to reorganize the University) that one of the members of the Board of Trustees created thereby is the Commissioner of Education, and therefore both in the revision and in the disposition of the funds of the University the Commissioner of Education intervenes directly."

In our opinion the conclusion reached by the district court is correct because the provisions of section 11 are not so exclusive as to preclude the action of the Commissioner of Education which may be perhaps duly regulated to the purpose.

The provision in question, as contended by the appellee in his brief, should be considered as having been embodied in the act for the guidance of the officials in charge of the disbursement of the proceeds from the tax and has nothing to do with the procedure followed in the imposition and collection of the tax and therefore the taxpayer could not rely upon it for impugning the validity of the tax, since he is not prejudiced thereby. This is not an action brought by the Commissioner of Education, but by a taxpayer.

"After taxes have been collected, their apportionment and distribution is largely regulated by statute. Distribution is separate from and independent of the levy of the tax, so that the validity or invalidity of the former does not affect the latter. For instance, an error in a tax warrant as to the method of distribution of the taxes does not affect the validity of the tax itself. Constitutional provisions relating to the 'assessment' and 'collection' of taxes have no application to a distribution of the proceeds of the tax." 4 Cooley on Taxation, 4th ed., p. 3561.

It seems advisable to add that in adopting the opinion stated we have taken very much into account the presumption of constitutionality in favor of Act No. 50 of 1925 because it has not been annulled by the Congress, and in this respect it is well to quote the following paragraphs from two opinions of the Circuit Court of Appeals for the First Circuit as follows:

"There is also a provision in section 34 that:

" 'All laws enacted by the legislature of Porto Rico shall be reported to the Congress of the United States, . . . . . which hereby reserves the power and authority to annul the same.'

"If not thus annulled within reasonable time, there is a presumption that they are approved. Tiaco v. Forbes, 228 U. S. 549, 558, 33 S. Ct. 585, 57 L. Ed. 960; Porto Rico v. American, etc., R. R., 254 F. 369, 165 C.C.A. 589; Camuñas v. P. R. Ry. (C. C. A.) 272 F. 924, 931, and cases cited.

"The result is that all Porto Rican legislation now on the statute books is—in a very real sense, though indirectly—the output of our federal government. Under such conditions, the court should not lightly assume that the tax acts of Porto Rico, now contended to be

734

in conflict with section 20 of the Organic Act, are inconsistent and therefore invalid. Doubtless the relation of the Organic Act to the Porto Rican government is, in certain aspects, like the relation of a state Constitution to a state Legislature. Camuñas v. P. R. Ry., etc., Co., (C. C. A.) 272 F. 924, 928.

"But the analogy is not complete; for, after all, the Organic Act is nothing but federal legislation, and Porto Rican legislation approved expressly or impliedly by Congress, has exactly the same import.

" * * * * * * *

"In the light of these explicit provisions, consistent with the general framework of the Porto Rican government, existing under Porto Rican statutes approved by the Governor and impliedly approved by Congress, we cannot hold that the auditor is, as is now contended, part of the tax levying and administering machinery of Porto Rico." *Fajardo Sugar Co.* v. *Holcomb,* 16 Fed. (2d) 92, 96.

"While the Organic Act is a quasi Constitution for Porto Rico, it is, as defendants argue, also legislation by Congress, which has reserved complete power to annul the acts of the Porto Rican Legislature, and has not annulled the Water Power Act. This failure to annul has some, though not controlling, weight . . . . .

"Nevertheless, the Organic Act is legislation by a government that levies taxes for extensive reclamation projects, including water developments, that built the Panama Canal, now becoming profitable, and that is apparently committed to buying and probably operating the Cape Cod Canal. No narrow and crippling construction should be given to the taxing power, granted by such a government, to this possession of Porto Rico. Treating the question of the construction of the Organic Act as strictly one of constitutionality (as it is not), doubt is not enough; it must be clearly unconstitutional to warrant the courts in holding the act void. Green v. Frazier, 253 U. S. 233, 40 S. Ct. 499, 64 L. Ed. 878." *Gallardo* v. *P. R. Ry., Light & P. Co.,* 18 Fed. (2d) 918, 923.

The other law (Act No. 60 of 1925) referring to water power, which the plaintiff considers unconstitutional, is so viewed because—

". . . . . . it only assessed a tax on real property in the island of Porto Rico and exempted therefrom all real and personal property in the municipalities of Vieques and Culebra which are annexed to the Island of Porto Rico."

(9th averment of the complaint.)

To dispose of this objection it will be sufficient to say that the question raised has been decided repeatedly by the courts adversely to the contention of the plaintiff. *Gallardo* v. *P. R. Ry., L. & P. Co.,* 18 Fed. (2d) 918; *American Cigar Co.* v. *Gallardo, Treasurer,* 38 P.R.R. 137.

The judgments appealed from must be affirmed.